**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RANDY J. SLAGER,
Plaintiff-Appellant,

v.

No. 97-2301

DOUGLAS DUNCAN, County
Executive; MONTGOMERY COUNTY,
MARYLAND,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-97-1598-AW)

Submitted: May 29, 1998

Decided: August 28, 1998

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan B. Fischler, LAW OFFICES OF ALAN B. FISCHLER,
Bethesda, Maryland; Charles H. Fleischer, MARSH, FLEISCHER &
QUIGGLE, Chtd., Bethesda, Maryland, for Appellant. Charles W.
Thompson, Jr., County Attorney, Linda B. Thall, Chief Counsel,
Karen L. Federman Henry, Principal Counsel for Appeals, Sharon V.
Burrell, Associate County Attorney, Rockville, Maryland, for Appel-
lees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randy J. Slager appeals the district court order granting the Defendants' motion to dismiss and denying Slager's motion for summary judgment in his action brought under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1998) (ADA). Finding no error in the judgment, we affirm.

Slager is a Montgomery County, Maryland, resident. He suffers from a permanent, disabling spinal condition. Slager alleges that when he drives over speed humps his spine is jarred, causing him pain.[1] Slager resides on Michaels Drive. He contends that by installing speed humps on Michaels Drive and Greentree Road, the County would restrict his access to the roads in violation of the ADA. Slager also asserts that the ADA requires the County to consider the impact of speed humps on disabled individuals in the form of pain and discomfort as a part of the analysis conducted prior to installing the speed humps.

Title II is violated when a qualified individual with a disability is prevented from participating in or benefitting from a public service, program, or activity, by reason of a qualifying disability, regardless of whether the entity intended to discriminate against the disabled person. See 42 U.S.C. § 12132 (1994); Patton v. TIC United Corp., 77 F.3d 1235, 1245-46 (10th Cir.), cert. denied , 518 U.S. 1005

_____

[1] Appellant explained the distinction between a speed "hump" and a speed "bump." The Appellees do not dispute the definition. According to the Institute of Transportation Engineers, a speed hump is a three to four inch raised area in the roadway pavement surface extending traversely across the travel way, with a travel length of approximately twelve feet. A speed bump is a more abrupt obstruction typically found on private roadways and parking lots.

2

(1996). The County contends that Slager is not being discriminated against or denied the benefits of the County's services, programs, or activities.

The ADA addresses discrimination against individuals with disabilities in regard to transportation barriers. See 42 U.S.C. § 12131(2) (1994).**2** Slager argues that the streets with speed humps and the streets that are planned to have speed humps constructed on them are no longer readily accessible to him. He alleges that he has to avoid routes with speed humps and thus his freedom of movement is limited. However, Slager did not state or provide any evidence that because he must avoid the speed humps he is denied access to transportation available to non-disabled persons. He did not put forth any specific evidence regarding alteration of driving routes or driving speed over the humps to decrease his pain. Slager's general statements of pain and discomfort when driving over speed humps, without more, are insufficient to state a claim upon which relief may be granted. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**2** To achieve the goals of the ADA, Congress charged the Department of Justice with developing regulations to implement Title II. See 42 U.S.C. § 12134(a) (1994). The Department of Justice promulgated a Technical Assistance Manual to set out the requirements under the ADA. The Title II Technical Assistance Manual does not contain any provisions regarding the installation of speed humps or bumps. While the Technical Assistance manual is not exhaustive of requirements for governments to meet under Title II, it is persuasive evidence that speed humps are not deemed to be a primary transportation barrier.